UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLYDE STOKES,

    Petitioner,

v.                            Case No. 3:13cv450/MCR/CJK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon petitioner's habeas corpus petition filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as moot due to expiration of petitioner's sentence. (Doc. 13). Petitioner has not responded, although invited to do so. (*See* Doc. 14). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is moot and should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner initiated this case on August 8, 2013, while in the custody of the Florida Department of Corrections serving a 42-month probation revocation sentence imposed by the Circuit Court for Escambia County, Florida in Case No. 10-CF-760. (Doc. 1). Petitioner's sentence was imposed on February 15, 2011, upon revocation of his probation for committing Criminal Mischief with Property Damage of $1,000 or Greater. (*Id*.). Petitioner challenges his probation revocation sentence on two grounds: (1) "Counsel rendered ineffective assistance for failure to object to scoresheet errors of which counsel knew or should have known as the improperly calculated scoresheet prejudice[d] the petitioner at sentencing" and (2) "Counsel rendered ineffective assistance for failure to object to prior scoresheet record is to[o] old and should never have been used in computing the scoresheet." (Doc. 1, p. 4).

On October 22, 2013, petitioner initiated a second § 2254 proceeding in this court challenging the same criminal judgment. *See Stokes v. Sec'y, Fla. Dep't of Corr.*, Case No. 3:13cv568/RV/EMT. (*See* Case No. 3:13cv568/RV/EMT at Doc. 1). Petitioner asserted two grounds for relief: (1) "Counsel was ineffective for failing to object to scoresheet errors which counsel knew or should have known would have prejudice[d] petitioner, as the court sentenced him under an improperly calculated scoresheet" and (2) "Petitioner's plea of nolo contendere [to the charge of Criminal Mischief with $1,000] or greater of property damages, Section 806.13(1)(a) & (b)(3), Florida Statutes, was not voluntarily, intelligently, or knowingly entered by him as the plea was induced by affirmative misadvice by trial counsel." (*Id*., pp. 8-18). On October 29, 2013, Case No. 3:13cv568/RV/EMT was consolidated into the present case. (Doc. 9).

By order entered November 13, 2013, the undersigned gave petitioner the opportunity to amend his petition to include any and all claims he wished to assert concerning his criminal judgment, including those claims raised in the petition filed in Case No. 3:13cv568/RV/EMT. (Doc. 11). The court provided petitioner a petition form, gave him thirty days in which to file an amended petition, and warned petitioner that failure to file an amended petition would result in the court proceeding only on the claims raised in the initiating petition filed in this case. (*Id.*). On November 15, 2013, petitioner notified the court of a change of address to a residential address. (Doc. 12). Respondent moved to dismiss this case as moot due to expiration of petitioner's probation revocation sentence. (Doc. 13). After petitioner failed to file an amended petition, the court entered an order on December 19, 2013, advising petitioner that this case would proceed only on the claims raised in his initiating petition filed in this case. (Doc. 14). Petitioner was also directed to respond (within thirty days) to respondent's argument that the petition, which challenges only petitioner's probation revocation sentence, was rendered moot by the expiration of his sentence. (*Id.*). To date, petitioner has not responded.

Respondent asserts, and petitioner does not dispute, that petitioner was released from incarceration on November 18, 2013, having satisfied the probation revocation sentence imposed in Escambia County Circuit Court Case No. 10-CF-760, with no supervision to follow. (*See* Doc. 13 and Attach., Haynes Aff.).

## DISCUSSION

"[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is

not moot." *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007). In circumstances analogous to those here, the Supreme Court held that a habeas petition challenging the validity of a parole revocation was rendered moot by the expiration of the petitioner's parole revocation sentence during the pendency of the habeas proceeding. *See Spencer v. Kemna*, 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). In *Spencer*, a state prisoner filed a federal habeas petition seeking to invalidate an order revoking his parole on the grounds that he was denied due process in the parole revocation proceeding. During the pendency of the habeas proceeding, Spencer completed his term of imprisonment underlying the parole revocation, was re-released on parole, and completed the parole term. The district court dismissed the petition, and the United States Court of Appeals for the Eighth Circuit affirmed, concluding that Spencer's claim had become moot because Spencer suffered no "collateral consequences" of the revocation order. *Id.*, 523 U.S. at 5-6, 118 S. Ct. at 982. The Supreme Court agreed that Spencer's challenge to the parole revocation order was moot, explaining:

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies [Article III's] case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained. *See, e.g., Carafas, supra*, at 237-238, 88 S.Ct., at 1559-60.

*Id.*, 523 U.S. at 7 (*citing Carafas v. LaVallee*, 391 U.S. 234, 88 S. Ct. 1556, 20 L. Ed. 2d 554 (1968)). The Court held that although it had been willing to presume the

existence of collateral consequences when a petition challenged the validity of a criminal conviction, it would not extend that presumption to a petition challenging the validity of a parole revocation. Instead, when a petitioner attacking the termination of his parole status is released from custody during the pendency of his habeas proceeding due to the expiration of his parole revocation sentence, the petitioner must prove the existence of continuing "collateral consequences" of the parole revocation in order to meet Article III's standing requirement. *Spencer*, 523 U.S. at 14; *see also Lane v. Williams*, 455 U.S. 624, 631, 102 S. Ct. 1322, 1327, 71 L. Ed. 2d 508 (1982) (involving due process challenge to parole term that became moot when petitioner's parole term ended while the case was on appeal to the Sixth Circuit). The Court rejected Spencer's arguments that there were a number of possible injuries he could suffer in the future on account of the parole revocation, finding that Spencer's asserted injuries were mere possibilities as opposed to certainties. *Spencer*, 523 U.S. at 14-18 (rejecting petitioner's assertions that he continued to suffer collateral consequences of his parole revocation because the revocation could be used to his detriment in a future parole proceeding, could be used to increase his sentence in a future sentencing proceeding, or might be used against him in subsequent proceedings in which he might appear as a witness or defendant; the asserted injuries were not concrete injuries-in-fact sufficient to satisfy Article III's case-or-controversy requirement).

Here, petitioner does not attack his underlying conviction for Criminal Mischief; he challenges only the sentence imposed upon revocation of his probation. The incarceration petitioner incurred as a result of that action is now over, and cannot be undone. Subsistence of this suit requires that petitioner prove continuing

"collateral consequences" of the probation revocation. Petitioner has not identified, and the record does not contain any facts arguably supporting a finding of a concrete injury-in-fact attributable to petitioner's February 15, 2011, probation revocation.

As petitioner has been released from incarceration and no longer suffers an injury-in-fact from the probation revocation necessary to meet Article III's case-or-controversy requirement, this case must be dismissed. *Spencer, supra*; *see also e.g., Denson v. Buss*, No. 4:10cv352/MP/CJK, 2013 WL 5234434 (N.D. Fla. Sept. 17, 2013) (dismissing as moot habeas corpus petition challenging probation revocation where revocation sentence expired during pendency of proceeding).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 13) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) be DISMISSED as moot.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 13th day of March, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).